IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

Steven Allen Byrd, ) C.A. No. 2:08-3540-TLW-RSC
)
      Plaintiff, )
)
  vs. ) ORDER
)
Federal Bureau of Prisons, et al., )
)
      Defendants. )
)

    The Plaintiff, proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983. Plaintiff is incarcerated at the Federal Correctional Institution in Estill, South Carolina, and brings claims relating to the medical treatment he has received at the facility.

    On April 21, 2009, United States Magistrate Judge Robert Carr, to whom this case had previously been assigned pursuant to 28 U.S.C. § 636(b) and Local Rule 73.02(B)(2) (D.S.C.), filed a Report and Recommendation ("the Report"). In his Report, Magistrate Judge Carr recommends that the Defendants' motion for summary judgment be granted and this case be dismissed. On April 30, 2009, Plaintiff filed objections to the Magistrate's report.

    This Court is charged with reviewing the Magistrate's Report and the Plaintiff's objections thereto. In conducting this review, the Court applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections. . . . The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a de novo determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the Report and

1

> Recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case, the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

Wallace v. Housing Auth. of the City of Columbia, 791 F.Supp. 137, 138 (D.S.C. 1992) (citations omitted).

In light of this standard, the Court has carefully reviewed, de novo, the Report and the objections thereto. The Magistrate concludes that Plaintiff has demonstrated injury: "There was visible bruising and bleeding and Byrd was in a great deal of pain. Byrd was unable to stand or walk on his own." This injury occurred on October 31, 2007, and Plaintiff did not see medical personnel until November 29, 2007. Starting on November 29, the Report states Byrd was provided with a "plethora of medical care" and that the treatment Plaintiff received was adequate. Further, the Report states Byrd "simply failed to establish the defendant[s] acted with [deliberate] indifference" in connection with treatment beginning on November 29, 2007. This Court agrees.

During the time between injury and November 29, 2007, when Plaintiff apparently did not receive treatment, the Plaintiff has failed to demonstrate that any of the named defendants had knowledge of Plaintiff's injury. The Report states: "If Byrd could establish that these defendants knew of a serious medical need which, if untreated, would cause further injury, and knew that he was not receiving medical attention or if they were actively interfering with treatment, they would not be entitled to summary judgment." The record simply does not reflect that the defendant or anyone else alerted Rivera or Jones to Plaintiff's injuries before he was treated on November 29, 2007. Even though the Plaintiff states certain dates in his exhibits, he has not proven notice to these defendants, as set forth in the Report. As well, the Plaintiff focuses his claims in his complaint, as to the named defendants, on the lack of treatment he desired, but not ordered by medical personnel. The relief requested primarily focuses on "an MRI and other diagnostic testing to fully determine the extent

of injury from the fall down the Camp 'make-shift' steps, to then provide the necessary treatment thereto. Additionally, Plaintiff asks the Court to award monetary compensation to Plaintiff for pain and suffering, due to the lack of medical care and treatment for approximately one year." The Plaintiff does not focus on lack of treatment after the injury as to the named defendants.

This Court concludes that the Report accurately summarizes this case and the applicable law. For the reasons articulated by the Magistrate Judge, it is hereby **ORDERED** that the Magistrate Judge's Report is **ACCEPTED** (Doc. # 30); Plaintiff's objections are **OVERRULED** (Doc. # 32); and Plaintiff's complaint is dismissed.

**IT IS SO ORDERED.**

S/ Terry L. Wooten
**TERRY L. WOOTEN**
**UNITED STATES DISTRICT JUDGE**

September 25, 2009
Florence, South Carolina